**Roy E. MERRITT et al., Plaintiffs,**

**v.**

**The INTERNATIONAL BROTHER-HOOD OF BOILERMAKERS et al., Defendants.**

**No. GC 73–101–S–O.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Nov. 8, 1979.

---

**6.** Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

See also, D.C., 495 F.Supp. 17.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The record herein reflects that plaintiffs filed in the action sub judice, in January 1977, a "Revised Second Amended and Supplemental Complaint" (hereafter "January 1977 Amendment") bringing into the action for the first time as parties defendant, a number of employer defendants. Plaintiffs caused to be served on each employer defendant named in the January 1977 Amendment, a summons which was not signed by the clerk and upon which the seal of the court was not impressed. The invalid service brought forth many motions to quash process.

Thereafter, on June 15, 1977, without leave of the court, plaintiffs filed a second "Revised Second Amended and Supplemental Complaint" (hereafter "June 1977 Amendment").

The June 1977 Amendment did not follow the same composition as that of the January 1977 Amendment. A new valid summons was issued on the June 1977 Amendment and properly served on each defendant.

Defendant Bechtel Power Corporation (hereafter "Bechtel") answered the January 1977 Amendment and submitted interrogatories to plaintiffs to elicit information concerning plaintiffs' allegations therein.

Upon filing the June 1977 Amendment, plaintiffs moved to vacate a prior order of the court compelling plaintiffs to respond to the interrogatories filed by Bechtel based upon the January 1977 Amendment.

The confusion this created by the unauthorized filing of the June 1977 Amendment and subsequent motion to vacate the previous order of the court, made it necessary for Bechtel's counsel to take affirmative action to determine its status quo.

The additional expense to Bechtel in connection with the matter was brought about by the unauthorized filing of the June 1977 Amendment and sanctions are in order in regard thereto.

The affidavit of counsel for Bechtel reflects that in responding to the June 1977 Amendment and motion to vacate seven hours of professional time were required. Counsel was also required to prepare and file a new answer to the June 1977 Amendment. The time involved in this work was one hour. Also, a charge of $50.00 was incurred by Bechtel for counsel's preparation and distribution of copies of the pleadings involved, and travel associated with the hearing before the court at Oxford, Mississippi.

The court concludes that the plaintiffs should reimburse Bechtel for the expenses necessarily incurred in connection with the matters aforesaid in the sum of $450.00. The court finds the amount to be reasonable.

An appropriate order will be entered.